**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

Case No. 08-32038

JAMES MICKEY HARTLINE
HEATHER KEITH HARTLINE
a/k/a HEATHER DAWN KEITH

           Debtors

MICHAEL H. FITZPATRICK, TRUSTEE

           Plaintiff

v.

Adv. No. 09-3006

TOYOTA MOTOR CREDIT CORPORATION

           Defendant

**M E M O R A N D U M**

**APPEARANCES:**    JENKINS & JENKINS ATTYS., PLLC
                           Ryan E. Jarrard, Esq.
                           2121 First Tennessee Plaza
                           800 South Gay Street
                           Knoxville, Tennessee 37929
                           Attorneys for Plaintiff

                        WILLIAMS & PROCHASKA, P.C.
                           Victoria A. Ferraro, Esq.
                           401 Church Street
                           Suite 2600
                           Nashville, Tennessee 37219
                           Attorneys for Defendant

**RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE**

This adversary proceeding is before the court upon the Complaint filed by the Plaintiff on January 27, 2009, asking the court to avoid the Defendant's lien on a 2007 Toyota Matrix as a preferential transfer pursuant to 11 U.S.C. § 547(b) (2006), and then seeking to "recover the property for the benefit of the estate pursuant to 11 U.S.C. § 550(a)."[1] The Defendant filed the Answer of Toyota Motor Credit Corporation to the Chapter 7 Trustee's Complaint (Answer) on March 6, 2009, denying that the notation of its lien on the certificate of title for the 2007 Toyota Matrix was preferential.

The scheduling conference was held on April 30, 2009, and, pursuant to the Pretrial Order entered on May 13, 2009, trial was set for June 29, 2009. By an Agreed Modification to Previously Filed Pretrial Order, entered on June 17, 2009, the parties agreed that an evidentiary hearing was not necessary and the issues could be decided on stipulations and briefs. Accordingly, the facts and documents essential to the resolution of this issue are before the court on the Stipulations filed by the parties on June 19, 2009, including as exhibits the following documents: (1) a Retail Installment Contract dated November 18, 2006, between the Debtor and T&W of Knoxville d/b/a Toyota of Knoxville for the Debtor's purchase of a 2007 Toyota Matrix; (2) an Application for Certificate of

---

[1] Section 550 concerns recovery of property from a transferee for the benefit of the bankruptcy estate. *See* 11 U.S.C.A. § 550(a). In the context of lien avoidance, the relevant statute is § 551, which provides that "[a]ny transfer avoided under section 547 of this title is preserved for the benefit of the estate but only with respect to property of the estate." 11 U.S.C.A. § 551 (West 2004); see also *Hendon v. G.E. Capital Mortgage Servs. (In re Carpenter)*, 266 B.R. 671, 676 (Bankr. E.D. Tenn. 2001) ("Avoidance and recovery are recognized in the Sixth Circuit as two distinct remedies. [T]he Plaintiff may avoid the Defendant's security interest under § 544(a). Once that occurs, the interest is preserved for the estate's benefit by § 551. These events are meaningful in and of themselves and necessitate no additional 'recovery' by the Plaintiff."). Section 550, therefor, has no application to the Plaintiff's lien avoidance action in this adversary proceeding.

*Guinn v. Irwin Mortg. Corp. (In re Patterson)*, 330 B.R. 631, 634, n.1 (Bankr. E.D. Tenn. 2005).

2

Title and Registration for the 2007 Toyota Matrix delivered to the Knox County Clerk on November 29, 2006; (3) a Vehicle Invoice & Bill of Sale for the 2007 Toyota Matrix dated November 18, 2006; (4) a Certificate of Origin For a Vehicle issued by Toyota on October 28, 2006, issued to Gallatin Sales & Service, LLC d/b/a Ron Hibbard Toyota, assigned to Toyota of Knoxville and then to the Debtor, designating Toyota Motor Credit Corporation (TMCC) as lienholder; (5) a Power of Attorney For Vehicle Transactions executed by the Debtor on November 18, 2006, authorizing T&W of Knoxville, Inc. d/b/a Toyota of Knoxville to obtain all necessary titles and registrations for the 2007 Toyota Matrix; (6) an Application for duplicate title dated March 13, 2008, evidencing the Debtor as owner and Toyota Motor Credit Corp. as first lienholder; (7) a Duplicate Certificate of Title issued by the State of Tennessee on March 14, 2008, evidencing the Debtor as owner but listing no lienholder; (8) a Certificate of Title issued by the State of Tennessee on March 18, 2008, evidencing the Debtor as owner and TMCC as first lienholder with a "date of first security interest" of November 18, 2006; and (9) the Registration for the 2007 Toyota Matrix issued by the Knox County Clerk, evidencing the Debtor as owner and TMCC as lienholder.

Pursuant to the Pretrial Order, as amended, the Plaintiff filed his Brief on June 29, 2009, and the Defendant filed its Memorandum of Law Filed By Toyota Motor Credit Corporation on July 13, 2009.

This is a core proceeding. 28 U.S.C. § 157(b)(2)(F) (2006).

# I

The following facts are undisputed. On November 18, 2006, the Debtor, James Hartline, executed a Retail Installment Contract - Simple Interest (Retail Installment Contract) with T&W of Knoxville, Inc. d/b/a Toyota of Knoxville for the purchase of a 2007 Toyota Matrix automobile (Toyota Matrix).[2] STIP. EX. 1. Under the terms of the Retail Installment Contract, the Debtor granted a security interest in the Toyota Matrix to T&W of Knoxville, Inc. d/b/a Toyota of Knoxville, who assigned the contract, without recourse, to the Defendant. STIP. EX. 1. On November 29, 2006, the Application for Certificate of Title and Registration (Application for Certificate of Title) was delivered to the Knox County Clerk, noting the Debtor as owner and listing the Defendant as "1st Lienholder." STIPS. at ¶ 3; STIP. EX. 2. At that time, the 2007 Toyota Matrix was assigned a new or current title number 75271075 (Original Title). STIPS. at ¶ 3; STIP. EX. 2.

On March 13, 2008, the Defendant applied for a duplicate title due to the original title having been lost. STIPS. at ¶ 4; STIP. EX. 6. The Application for Duplicate Title lists the Debtor as owner of the Toyota Matrix, references the Vehicle Identification Number, make, and model of the automobile, and lists the Defendant as first lienholder. STIP. EX. 6. Pursuant to this request, the State of Tennessee issued a Certificate of Title No. 77591001 on March 14, 2008, containing the Debtor's information as owner, the "Date Vehicle Acquired" as November 18, 2006, and the designation that it was a Duplicate Title to previous Title No. 75271075 (First Duplicate Certificate of Title). STIP. at ¶ 4; STIP. EX. 7. The First Duplicate Certificate of Title did not, however,

---

[2] The Stipulations filed by the parties state that the Debtor executed the Contract "[o]n or about November 11, 2006;" however, the Contract, attached as Stipulated Exhibit 1, and all other stipulated documentation clearly evidence that the transaction occurred on November 18, 2006.

4

evidence the Defendant's lien. STIP. at ¶ 4; STIP. EX. 7. Thereafter, on March 18, 2008, the State of Tennessee issued Certificate of Title No. 77592800 referencing the previous Title No. 77591001 (Second Duplicate Certificate of Title). STIP. at ¶ 5; STIP. EX. 8. The Second Duplicate Certificate of Title once again listed the Debtor as owner as well as the November 18, 2006 acquisition date, and additionally listed the Defendant as First Lienholder, referencing the "Date of First Security Interest" as November 18, 2006. STIP. EX. 8. Likewise, the registration for the Toyota Matrix dated March 18, 2008, reflects the Defendant as First Lienholder and a "Lien Date" of November 18, 2006. STIP. at ¶ 5; STIP. EX. 9.

The Debtors filed the Voluntary Petition commencing their case under Chapter 7 of the Bankruptcy Code on May 8, 2008. STIP. at ¶ 1. The Plaintiff was appointed as Chapter 7 Trustee and continues to serve in that capacity. STIP. at ¶ 1. On January 27, 2009, he timely filed the Complaint initiating this adversary proceeding, arguing that the issuance of the Second Duplicate Title on March 18, 2008, occurred within ninety days of the Debtors' bankruptcy filing and was an avoidable preference under 11 U.S.C. § 547(b), with the value of the 2007 Toyota Matrix to then be recovered for the benefit of the estate pursuant to 11 U.S.C. § 550.[3] The Defendant filed its Answer on March 6, 2009, denying that a preferential transfer occurred. Pursuant to the Pretrial Order entered on May 13, 2009, the issue before the court is "whether or not the defendant's claimed lien on a 2007 Toyota Matrix vehicle was perfected less than 90 days before the filing of this bankruptcy matter, and is avoidable for the benefit of the estate pursuant to 11 U.S.C. § 547(b)."

---

[3] *See supra* n. 1.

5

## II

The Plaintiff asserts his claim under 11 U.S.C. § 547, which allows Chapter 7 trustees to avoid transfers made by debtors to creditors if all of the following requirements are satisfied:

(b)  Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

> (1) to or for the benefit of a creditor;
>
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
>
> (3) made while the debtor was insolvent;
>
> (4) made—
>
>> (A) on or within 90 days before the date of the filing of the petition; or
>>
>> (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
>
> (5) that enables such creditor to receive more than such creditor would receive if—
>
>> (A) the case were a case under chapter 7 of this title;
>>
>> (B) the transfer had not been made; and
>>
>> (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

. . . .

(e)(1)  For the purposes of this section—

> . . . .

>> (B) a transfer of . . . property other than real property is perfected when a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee.
>
> (2) For the purposes of this section, except as provided in paragraph (3) of this subsection, a transfer is made—
>
>> (A) at the time such transfer takes effect between the transferor and the transferee, if such transfer is perfected at, or within 30 days after, such time, except as provided in subsection (c)(3)(B)[4]; [or]
>>
>> (B) at the time such transfer is perfected, if such transfer is perfected after such 30 days[.]
>>
>> . . . .
>
> (3) For the purposes of this section, a transfer is not made until the debtor has acquired rights in the property transferred.
>
> (f) For the purposes of this section, the debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition.
>
> (g) For the purposes of this section, the trustee has the burden of proving the avoidability of a transfer under subsection (b) of this section . . .[.]

11 U.S.C. § 547. In summary, pursuant to § 547(b), the Plaintiff, as Trustee, may avoid any "transfer" of an interest in the Debtor made for the benefit of the Defendant on account of an antecedent debt within ninety days of the filing of the bankruptcy case, while the Debtor was insolvent, which allowed the Defendant to receive more than it would have in an ordinary, no-asset Chapter 7 case.

The term "transfer" is defined by the Bankruptcy Code as meaning, *inter alia*, "(A) the creation of a lien; (B) the retention of title as a security interest; . . . or (D) each mode, direct or

---

[4] A trustee may not avoid a transfer creating a security interest in property acquired by a debtor "that is perfected on or before 30 days after the debtor receives possession of such property[.]" 11 U.S.C. § 547(c)(3)(B).

indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with— (i) property; or (ii) an interest in property." 11 U.S.C. § 101(54) (2006). Here, the court finds that none of the foregoing include the issuance of the Second Duplicate Certificate of Title by the State of Tennessee on March 18, 2008, and, therefore, that action did not constitute a transfer of the Debtor's interest in property that may be avoided by the Plaintiff under § 547(b).

Issues involving the method for achieving perfection of a security interest and the time at which a security interest is perfected are matters of state law. *Hendon v. Gen. Motors Acceptance Corp. (In re B & B Utils., Inc.)*, 208 B.R. 417, 421 (Bankr. E.D. Tenn. 1997). Under Tennessee law, "a security interest attaches to collateral when it becomes enforceable against the debtor with respect to the collateral, unless an agreement expressly postpones the time of attachment[,]" and, as applicable under these facts, "a security interest is enforceable against the debtor and third parties with respect to the collateral only if (1) value has been given; (2) the debtor has rights in the collateral or the power to transfer rights in the collateral to a third party; and (3) . . . (A) the debtor has authenticated a security agreement that provides a description of the collateral . . .[.] TENN. CODE ANN. § 47-9-203(a) (Supp. 2008). Perfection of a security interest in a motor vehicle is governed by Tennessee Code Annotated § 55-3-126, which provides, in material part:

> **55-3-126. Constructive notice of lien upon filing request for notation – Method of giving notice – Perfection of security interest. –** (a) Except as provided for manufactured homes complying with the requirements of § 55-3-138, a lien or security interest in a vehicle of the type for which a certificate is required shall be perfected and shall be valid against subsequent creditors of the owner, subsequent transferees, and the holders of security interest and liens on the vehicle by compliance with this chapter.
>
> (b)(1) A security interest or lien is perfected by delivery to the department or the county clerk of the existing certificate of title, if any, title extension form, or

manufacturer's statement of origin and an application for a certificate of title containing the name and address of the holder of a security interest or lien with vehicle description and the required fee.

(2) The security interest is perfected as of the date of delivery to the county clerk or the department.

(3)(A) Notwithstanding any other law to the contrary, a second or other junior security interest or lien in a vehicle of the type for which a certificate of title is required shall not be considered perfected unless and until the lien or security interest is physically noted on the certificate of title for the vehicle. In the case of a second or other junior lien or security interest, there shall be no constructive notice of the second or other junior lien or security interest unless that lien is physically noted on the certificate of title.

(B) Nothing in subdivision (b)(3)(A) shall have any effect on perfection and constructive notice concerning first liens.

(c) When the security interest is perfected as provided for in this section, it shall constitute notice of all liens and encumbrances against the vehicle described in the security interest to creditors of the owner, to subsequent purchasers and encumbrances, except liens as may be authorized by law dependent upon possession. Constructive notice shall date from the time of first delivery of the request for the notation of the lien or encumbrance upon the certificate of title by either the department or the county clerk acting as agent for the department, as shown by its endorsements of the date of delivery on the document.

(d) The method provided in this section and § 55-3-125[5] of obtaining a lien or encumbrance upon a motor vehicle, . . . subject to the provisions of chapters 1, 2, this chapter and chapters 4.6 of this title relative to the issuance of certificates of title, shall be exclusive except as to liens depending upon possession and the lien of the state for taxes . . .[.]

TENN. CODE ANN. § 55-3-126 (2008).

---

[5] **55-3-125. Liens and encumbrances – Filing. –** No conditional sales contract, chattel mortgage, or other lien or encumbrance or title retention instrument upon a registered vehicle, other than a lien dependent upon possession entered into after March 1, 1951, or a lien of the state for taxes established pursuant to title 67, chapter 1, part 14, shall be valid against the creditors of an owner or subsequent purchasers or encumbrancers, until the requirements of this section and § 55-3-126 have been complied with, unless such creditor, purchaser, or encumbrancer has actual notice of the prior lien.

TENN. CODE ANN. § 55-3-125 (2008).

9

It is undisputed that the Debtor executed the Retail Installment Contract for the purchase of the Toyota Matrix on November 18, 2006, granting a security interest in the Toyota Matrix to the Defendant, as assignee. STIP. EX. 1. Additionally, the requirements of Tennessee Code Annotated § 55-3-126(b)(1) were complied with on November 29, 2006, by delivery to the Knox County Clerk of the Application for Certificate of Title, along with the Vehicle Invoice & Bill of Sale, the Certificate of Origin For A Vehicle, and a Power of Attorney for Vehicle Transactions. STIPS. at ¶ 3; STIP. EX. 2; STIP. EX. 3; STIP. EX. 4; STIP. EX. 5. Accordingly, under Tennessee Code Annotated § 55-3-126(b)(2) and (c), the Defendant's lien was perfected on November 29, 2006, the date upon which the Application for Certificate of Title was delivered to the Knox County Clerk, irrespective of when the lien was noted on the certificate of title.[6] As such, the Defendant's Application for the Duplicate Certificate of Title on March 13, 2008, did not perfect its lien on the Toyota Matrix, nor did it constitute a "transfer" of the Debtor's interest. The transfer of the Debtor's interest occurred on November 29, 2006, when the Defendant delivered its original Application for Certificate of Title to the Knox County Clerk thus perfecting its lien on the Toyota Matrix.

This is not a situation in which the Defendant released its lien and then re-applied to have it noted on the title. Instead, the parties have stipulated that the original certificate of title was lost,

---

[6] The Plaintiff relies upon the Tennessee Supreme Court's holding that "a security interest in a motor vehicle is not perfected until a notation of the lien is made on the certificate of title," as stated in *Still v. First Tenn. Bank, N.A.*, 900 S.W.2d 282, 285 (Tenn. 1995), and previously relied upon by this court in prior decisions interpreting the law as it existed prior to amendment. Nevertheless, even though Tennessee remains a "notation state" wherein a party's security interest is noted on the certificate of title rather than by UCC-1 statement or other method, *see* TENN. CODE ANN. § 55-3-25, the *Still* decision, which answered a certified question from the United States Bankruptcy Court for the Eastern District of Tennessee, Southern Division, regarding whether section 55-3-137, enacted in 1991, repealed section 55-3-126, as both statutes existed in 1995, was effectively overruled by the repeal of §§ 55-3-137 and 55-3-125 in their entirety on March 29, 1996, and by substituting a new § 55-3-126 in 1996, as amended in 2007.

10

and on March 13, 2008, the Defendant applied for a Duplicate Certificate of Title, which the State of Tennessee issued on March 14, 2008, erroneously failing to note the Defendant's lien. STIPS. at ¶ 4; STIP. EX. 6; STIP. EX. 7. The State of Tennessee then issued the second Duplicate Certificate of Title which correctly evidences the Defendant's lien. What occurred was nothing more than an administrative error which does nothing to affect the integrity of the Defendant's lien which was perfected on November 29, 2006, upon delivery of the Application for Certificate of Title to the Knox County Clerk.

In summary, the Defendant's actions in obtaining the Duplicate Certificate of Title on March 14, 2008, and the second Duplicate Certificate of Title issued on March 18, 2008, do not fall within the definition of a "transfer" as contemplated by the Bankruptcy Code. Because the Plaintiff cannot prove the elements required for avoidance of the Defendant's lien under 11 U.S.C. § 547(b), the Complaint will be dismissed.

An order consistent with this Memorandum will be entered.

FILED: September 9, 2009

> BY THE COURT
>
> */s/ RICHARD STAIR, JR.*
>
> RICHARD STAIR, JR.
> UNITED STATES BANKRUPTCY